Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

FEBRUARY 27, 2013
WILLIAM M. McCOOL, Clerk
By _____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SOFIA GONZALEZ,<br><br>  Defendant. | CR13-5136 RJB<br><br>INDICTMENT |

The Grand Jury charges that:

## COUNT 1

### (Bank Fraud)

A.  **The Scheme and Artifice to Defraud**

1. Beginning at a date unknown, but no later than on or about December 30, 2005, and continuing through on or about March 10, 2008, at Clark County, within the Western District of Washington, and elsewhere, SOFIA GONZALEZ devised a scheme

INDICTMENT/GONZALEZ - 1

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

and artifice to defraud IQ Credit Union, a financial institution as defined by Title 18, United States Code, Section 20; and to obtain moneys, funds, credits, assets, and other property under the custody and control of IQ Credit Union, by means of materially false and fraudulent pretenses, representations, and promises.

2. The essence of the scheme and artifice to defraud was to obtain funds belonging to Service Employees International Union Local Union 925 ("SEIU LU 925"), and under the custody and control of IQ Credit Union, using checks with forged signatures drawn on the SEIU LU 925 checking account at IQ Credit Union, account number *5068. Account number *5068 had formerly belonged to SEIU LU 9288, which merged with and became part of SEIU LU 925 in 2006. SOFIA GONZALEZ was a bookkeeper who had worked for SEIU LU 9288 and then for SEIU LU 925 after the merger. SOFIA GONZALEZ had been authorized to prepare checks for SEIU LU 9288 but not to sign them. J.L. and C.W. were the authorized signers and users of the *5068 checking account at IQ Credit Union.

3. SOFIA GONZALEZ accomplished the scheme by forging the signatures of J.L. and C.W. on checks drawn on the SEIU LU 925 (formerly LU 9288) checking account, number *5068. After forging the signatures of J.L. and C.W., SOFIA GONZALEZ would make the checks payable to herself, and would deposit the checks into her checking account at Wells Fargo Bank; or would make the checks payable to her family member, P.G. SOFIA GONZALEZ did so knowing that she was not entitled to these funds.

**B.    Manner and Means of the Scheme and Artifice to Defraud**

4. It was part of the scheme and artifice to defraud that SOFIA GONZALEZ made use of an account at IQ Credit Union, with an account number ending in *5068, that formerly belonged to SEIU LU 9288, prior to its 2006 merger with SEIU LU 925.

5. It was part of the scheme and artifice to defraud that SOFIA GONZALEZ wrote checks to herself drawn on account *5068.

INDICTMENT/GONZALEZ - 2

6. It was part of the scheme and artifice to defraud that SOFIA GONZALEZ would forge the signatures of J.L. and C.W. on checks that she wrote and made payable to herself, or to P.G., drawn on account *5068. The forged signatures were materially false and fraudulent pretenses, representations, and promises regarding the legitimacy of the checks.

7. It was further part of the scheme and artifice to defraud that SOFIA GONZALEZ, for the purpose of executing the scheme, would deposit the checks with the forged signatures into her account at Wells Fargo Bank, or would allow P.G. to deposit checks made out to P.G.

8. It was further part of the scheme and artifice to defraud that SOFIA GONZALEZ and P.G. would make use of the funds that they obtained through the checks bearing forged signatures, thereby exposing IQ Credit Union, a financial institution as defined by Title 18, United States Code, Section 20, and SEIU LU 925 to loss and a risk of loss.

9. It was further part of the scheme and artifice to defraud that SOFIA GONZALEZ and P.G., using the checks bearing forged signatures, obtained not less than $40,087.49 in fraudulent proceeds.

**C.   Execution of the Scheme and Artifice to Defraud**

11. On or about the below-listed date, at Clark County, within the Western District of Washington, and elsewhere, SOFIA GONZALEZ did knowingly and willfully conduct the below listed transaction, involving a check with the forged signatures of J.L. and C.W., for the purpose of executing this scheme and artifice to defraud IQ Credit Union, and to obtain moneys, funds, credits, assets, and other property under the custody and control of IQ Credit Union, by means of materially false and fraudulent pretenses, representations, and promises; this transaction being a representative example of the transactions conducted pursuant to this scheme and artifice to defraud:

| Check Date | Transaction Date | Check Number | Amount | Payee |
|---|---|---|---|---|
| Feb. 25, 2008 | March 10, 2008 | 10898 | $910.20 | Sofia S. Gonzalez |

All in violation of Title 18, United States Code, Section 1344 and Section 2.

## COUNT 2
### (Embezzlement of Labor Union Assets)

12. On or about March 10, 2008, at Clark County, within the Western District of Washington, and elsewhere, the defendant, SOFIA GONZALEZ, while an employee of SEIU LU 925, a labor organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and willfully abstract and convert to her own use the moneys, funds, and assets of said labor organization, in the approximate amount of $910.20.

All in violation of Title 29, United States Code, Section 501(c).

## ALLEGATION OF FORFEITURE

13. The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America pursuant to Title 18, United States Code, Section 982(a)(2).

14. Upon conviction of the offense(s) alleged in Count 1 of this Indictment, in violation of Title 18, United States Code, Section 1344, the defendant, SOFIA GONZALEZ, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense(s). The property to be forfeited includes, but is not limited to, the following:

      (a)    A money judgment of forfeiture in the amount of $40,087.49, representing the proceeds of the offense.

15.    The allegations contained in Count 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

16.    Upon conviction of the offense in violation of Title 29, United States Code, Section 501(c) set forth in Count 2 of this Indictment, the defendant, SOFIA GONZALEZ, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

      (a)    A money judgment of forfeiture in the amount of $910.20, representing the proceeds of the offense.

17.    If any forfeitable property, as a result of any act or omission of the defendant–

(a)    cannot be located upon the exercise of due diligence;
(b)    has been transferred or sold to, or deposited with, a third party;
(c)    has been placed beyond the jurisdiction of the court;
(d)    has been substantially diminished in value; or,
(e)    has been commingled with other property which cannot be divided without difficulty;

//
//
//
//

1  the United States of America shall be entitled to forfeiture of substitute property pursuant
2  to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States
3  Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c).

A TRUE BILL:

DATED: 2-27-13

*Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States*

_____
FOREPERSON

_____
JENNY A. DURKAN
United States Attorney

_____
ANDREW C. FRIEDMAN
Assistant United States Attorney

_____
DARWIN P. ROBERTS
Assistant United States Attorney

INDICTMENT/GONZALEZ - 6